

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-2705
Re: Whether an account for supplies sold the state for use of the Prison System must be approved by the Chairman of the Prison Board before payment is authorized.

In your letter of August 31, 1940, you apprise us of the following facts:

The Manager of the Texas Prison System makes request to the State Board of Control and purchases a large amount of supplies, to be delivered as needed. The contract order for the supplies is for in excess of $5,000.00. The seller makes delivery to the Prison System of the goods ordered in small quantities, and invoices the same to the Manager of the Prison System, for an amount less than $5,000.00. These invoices are prepared in the form of claims and are submitted to the Comptroller for payment, without the approval of the Chairman of the Prison Board. You request our opinion as to whether the Comptroller is authorized to issue warrant in payment of this invoice without the approval of the Chairman of the Prison Board.

Article 6166m, Vernon's Civil Statutes, reads as follows:

"On Monday of each week, the manager shall remit to the State Treasury all moneys received by him during the preceding week and belonging to the prison system. Such funds when received shall be deposited by the State Treasurer upon the warrant of the Comptroller to the credit of the general revenue fund. The manager shall be furnished with a receipt for such money, and a duplicate of such receipt shall be sent to the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

chairman of the Texas Prison Board, and another
duplicate to the State Prison Auditor. All bills
and accounts of said prison system shall be paid
from appropriations made by the Legislature from
the general revenue fund of the State, upon sworn
accounts and warrants drawn by the State Comptrol-
ler on the State Treasurer in the same manner as
provided by general law. Each account shall be
approved by the manager and audited by the auditor
of the prison system. The Comptroller shall have
authority to issue warrants, and the Treasurer to
pay the same, upon accounts approved by the man-
ager and audited by the auditor, where the amount
of such account does not exceed $5,000.00; and
where the amount of the account is in excess of
$5,000.00, before the Comptroller shall issue a
warrant for the same or the Treasurer pay such
warrant, such account shall be approved for pay-
ment by the chairman of the Prison Board."

If there is in fact but one account, its nature is
not changed by having it evidenced by two invoices and sub-
mitted for payment on two claims. If in the case under con-
sideration all the goods were purchased under a single con-
tract and they were in fact delivered at the same time, it
would be but one account under the statute, and the necessity
for approval by the Chairman of the Prison Board could not be
obviated by the preparation and submission of two claims,
where both exceed $5,000.00. If such be the facts the two
claims should be considered as one and should bear the Chair-
man's approval before payment.

In your letter you also direct our attention to
Acts 1935, 44th Legislature, First Called Session, p. 1600,
ch. 403, relating to the industrial revolving fund of the
prison system and which reads as follows:

"§ 1. From and after the effective date
of this Act, the State Treasurer of the State
of Texas shall deposit sufficient amount of money
received by him from the General Manager of the
Texas Prison System out of money earned by and
belonging to the State Prison System in Hunts-
ville, Texas, of Fifty Thousand Dollars ($50,000),
or so much thereof as may be necessary to create
a fund of Fifty Thousand Dollars ($50,000) to be
known as the Industrial Revolving Fund of the
Texas Prison System, to be used by said Prison

System in the purchasing of supplies and materials
for tag plant, shoe and print shop and other in-
dustries and delivery of finished products as pro-
vided in the General Appropriation Bill for said
System, and the State Treasurer shall at all
times keep said Industrial Revolving Fund up to
the maximum amount out of funds above provided,
and said funds shall be used for the prompt pay-
ment in cash of all expenses properly payable out
of said fund as appropriated by the Legislature
in the General Appropriation Bill; such funds to
be deposited by the State Treasurer in equal
amounts in the Huntsville Bank and Trust Company
at Huntsville, Texas, and the First National
Bank at Huntsville, Texas, and said banks shall
deposit with the General Manager of the Prison
System, bonds or other securities to be approved
by the Attorney General of the State of Texas
sufficient to secure said deposit.

"'§ 2. It shall be the duty of the depos-
itories of the Industrial Revolving Fund so long
as they retain such deposit to make a weekly re-
port to the State Treasurer of the State of
Texas as to the condition of said funds on de-
posit in said depositories.

"'§ 3. This Act is not to be construed as
an additional appropriation to the Texas Prison
System from that made by the General Appropria-
tion Bill, but is simply the authorization to
the State Treasurer to create an Industrial Re-
volving Fund for the use of the Texas Prison
System.

"'§ 4. Payments made from the Industrial
Revolving Fund shall be made upon duly authen-
ticated certificates by the General Manager of
the State Prison System and shall be paid by
the State Comptroller of Public Accounts by
proper warrants drawn on said funds as now re-
quired by law for the payment of other charges
against the State of Texas."

You request our opinion as to whether that part
of the aforesaid Article 6166m providing that the bills



Honorable George H. Sheppard, Page 4


and accounts of the Prison System shall be paid from appropriations made by the Legislature from the General Revenue Fund of the State was superseded by the aforesead Act creating the Industrial Revolving Fund.

Clearly the two acts are in conflict on the point which you inquire about. Under such circumstances the latest expression of the legislative will prevail. Townsend vs. Terrell, 16 S. W. (2d) 1053. Insofar as there is a conflict the Act creating the Industrial Revolving Fund superseded said Article 6156m. To that extent your second question is answered in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    $

Glenn R. Lewis
Assistant

GRL:IM


APPROVED SEP. 30, 1940

GERALD C. MANN,

ATTORNEY GENERAL OF TEXAS

APPROVED:    OPINION COMMITTEE

By:  B. W. B., Chairman

